1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                          **WESTERN DIVISION**

11

12   LONNY LEE BRISTOW,               )   No. CV 15-2793-JLS (PLA)
                                      )
13                  Petitioner,       )
                                      )
14        v.                          )   **ORDER TO SHOW CAUSE RE: DISMISSAL**
                                      )   **OF PETITION FOR FAILURE TO EXHAUST**
                                      )   **ADMINISTRATIVE REMEDIES AND/OR**
15   CALVIN JOHNSON, Warden,          )   **FOR LACK OF SUBJECT MATTER**
                                      )   **JURISDICTION**
16                  Respondent.       )
                                      )
17   _____ )

18        On April 15, 2015, petitioner, a federal prisoner currently incarcerated at the Federal

19   Correctional Institution in Adelanto, California, filed a Petition for Writ of Habeas Corpus by a

20   Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."), with an

21   accompanying "Memorandum in Support of Petition . . ." ("Mem."). (Dkt. Nos. 1, 2). Petitioner

22   also filed a Motion to Expedite Case ("Motion").[1] (Dkt. No. 4).

23

24   _____

25        [1]   Petitioner states that his projected release date is approximately nineteen months from
     now, on November 30, 2016. (Mem. at 3). Thus, there are approximately seven months
26   remaining before November 30, 2015, the date petitioner contends he should be placed in a
     residential reentry center ("RRC"). (See id.). In light of the statutory deadlines for proceeding
27   through the administrative appeals process -- both for petitioner and for the BOP -- there appears
     to be adequate time for petitioner to pursue his administrative remedies. See 28 C.F.R. §§ 542.13
28   to 542.15, 542.18. Petitioner's Motion is thus **denied**.

# I.

## BACKGROUND

On April 19, 2013, in the district court for the Northern District of Ohio, Eastern Division, case number CR 13-148, petitioner pleaded guilty to six counts of bomb threats.  (Pet. at 2). Petitioner's projected release date is November 30, 2016.  (Mem. at 3).

Petitioner states that he requested placement in an RRC for the last twelve months of his sentence, i.e., from November 30, 2015, to November 30, 2016, and instead received only six months, commencing on May 30, 2016.  (See Mot. at 1; Mem. at 2).  Petitioner claims that he did not receive individualized consideration for placement in an RRC as required by 18 U.S.C. § 3624. (Mem. at 4-6).  He claims that had he received individualized consideration,[2] he would have been found eligible to be placed in an RRC as of November 30, 2015.  (Mot. at 3).

Petitioner admits that he has not exhausted his administrative remedies, but contends that requiring him to do so would be futile.  (Mem. at 2-3.1).  He argues that the Bureau of Prisons ("BOP"), "either by policy or memo," has directed respondent "to approve inmates for no more than six (6) months halfway house time."  (Mem. at 2).  He also argues that there is insufficient time between now and November 30, 2015, to exhaust his administrative remedies "without mooting this case."[3]  (Mem. at 3).

# II.

## STATUTORY FRAMEWORK

The BOP has the authority to designate the location of an inmate's imprisonment. Specifically, under 18 U.S.C. § 3621(b), the BOP has discretion to place an inmate in an available

---

[2]   Petitioner contends that he was given the same six months in an RRC as all other prisoners despite the fact that he had completed a non-residential drug abuse program, is homeless, is not subject to supervised release, and has no prison disciplinary history.  (Pet. at 3; Mem. at 4-6).

[3]   Petitioner alleges that he filed the Petition "within thirty (30) days of the RRC review."  (See Mem. at 3.1).

1  penal or correctional facility and to direct the transfer of an inmate "at any time."  Rodriguez v.
2  Smith, 541 F.3d 1180, 1182, 1185 (9th Cir. 2008).

3       "Two statutory provisions govern the BOP's authority to place inmates in its custody in
4  RRCs: 18 U.S.C. §§ 3621(b) and 3624(c)."  Sacora v. Thomas, 628 F.3d 1059, 1061-62 (9th Cir.
5  2010).  Section 3621 "governs the BOP's authority in cases where a prisoner who has more than
6  a year left to serve of his or her prison sentence requests a transfer to such a facility."  Id. at 1062
7  (footnote omitted).  When determining which facility is suitable, the BOP must consider the
8  following five factors:

9       (1)    the resources of the facility contemplated;

10      (2)    the nature and circumstances of the offense;

11      (3)    the history and characteristics of the prisoner;

12      (4)    any statement by the court that imposed the sentence --

13             (A)    concerning the purposes for which the sentence to
                      imprisonment was determined to be warranted; or
14
15             (B)    recommending a type of penal or correctional facility as
                      appropriate; and

16      (5)    any pertinent policy statement issued by the Sentencing Commission
               pursuant to section 994(a)(2) of title 28.
17

18  18 U.S.C. § 3621(b).  In other words, § 3621(b) mandates that the BOP make an individualized
19  assessment under the five statutory criteria when making transfer or placement determinations
20  "to any available penal or correctional facility[ ]," including RRC placement. Rodriguez, 541 F.3d
21  at 1188 (emphasis added).

22      When a federal prisoner approaches the end of his sentence, 18 U.S.C. § 3624(c) requires
23  the BOP to decide whether the prisoner is suitable for transfer to an RRC to ease his transition
24  back into a community.  18 U.S.C. § 3624(c)(6)(A); see Sacora, 628 F.3d at 1062.  Specifically,
25  § 3624(c) states:

26      The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a
        prisoner serving a term of imprisonment spends a portion of the final months of that
27      term (not to exceed 12 months), under conditions that will afford that prisoner a
        reasonable opportunity to adjust to and prepare for the reentry of that prisoner into
28      the community.  Such conditions may include a community correctional facility.

                                        3

18 U.S.C. § 3624(c)(1).  In administering § 3624(c), the BOP considers the five factors set forth above in § 3621(b).  Sacora, 628 F.3d at 1068.

## III.

## EXHAUSTION AND SUBJECT MATTER JURISDICTION

"[S]ection [2241] does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus."  Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001), overruled on other grounds by Fernandez–Vargas v. Gonzales, 548 U.S. 30, 126 S. Ct. 2422, 165 L. Ed. 2d 323 (2006).  Nevertheless, the Ninth Circuit requires, "as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241."  Id.

The BOP has established an administrative remedy process permitting an inmate to seek review of an issue relating to "any aspect of his/her own confinement."  28 C.F.R. § 542.10(a).  Under that process, an inmate must proceed through four levels:  (1) an attempt at informal resolution; (2) a formal written request to the warden for an administrative remedy; (3) an appeal to the regional director of the region where the inmate is confined; and (4) an appeal to the general counsel.  28 C.F.R. §§ 542.13 to 542.15.  The appeal to the general counsel completes the administrative remedy process.  28 C.F.R. § 542.15(a).  Here, petitioner concedes that he has failed to properly exhaust his administrative remedies.  (Mem. at 1-3.1).

Petitioner's failure to properly exhaust his claim does not, however, end the Court's analysis.  Rather, courts have discretion to waive prudential exhaustion requirements where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void."  Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 1994) (citation and internal quotation marks omitted).  In deciding whether to exercise this discretion, a "key consideration" is whether "relaxation of the [exhaustion] requirement would encourage the deliberate bypass of the administrative scheme."  Id. (citation and internal quotation marks omitted).

Where administrative exhaustion may allow an agency an opportunity to remedy its mistakes before being haled into court, exhaustion is appropriate. See McCarthy v. Madigan, 503 U.S. 140, 145, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992). However, where the agency has predetermined an issue before it, exhaustion would be futile and should be excused. Id. at 148. The Ninth Circuit's opinion in Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam), is instructive on this point. In Fraley, the Ninth Circuit waived a petitioner's failure to exhaust where the petitioner's initial attempt to avail herself of the prison's administrative process was denied pursuant to the mechanical application of an official BOP policy. Fraley, 1 F.3d at 925. The Ninth Circuit explained that an additional attempt to exhaust administrative remedies would be futile because the reviewing official "would almost certainly have denied [the petitioner's] request as well, citing the same official [BOP] policy." Id.

Here, by contrast, there is no reason to believe that an attempt on petitioner's part to exhaust his administrative remedies would be futile. Unlike the claim in Fraley, which was denied pursuant to a rigid BOP policy, petitioner's challenge to his RRC placement determination involves a review of an individualized assessment of the designated five statutory criteria. See Rodriguez, 541 F.3d at 1188. As such, there is no reason to believe with any degree of certainty that, for example, either the regional director or the general counsel would reach the same conclusion as did the warden with respect to petitioner's request for twelve months of RRC placement.

Nor is there any merit to petitioner's assertion that the BOP has categorically predetermined that no more than six months of RRC placement is necessary to prepare prisoners for their reentry. (See Mem. at 2-3.1). Where, as here, the BOP has statutory authority under 18 U.S.C. § 3624(c) to place prisoners in RRC facilities for a specified period of time, the BOP cannot categorically predetermine that all prisoners are suitable for RRC placement for a period shorter than that authorized by § 3624(c). See Rodriguez, 541 F.3d at 1184-85. Thus, in Rodriguez, the Ninth Circuit struck down a BOP regulation that automatically restricted a prisoner's placement in an RRC to the lesser of 10% or the last six months of his sentence, when the version of § 3624(c) then in effect authorized RRC placement for as much as the last six months of a prisoner's sentence. Id. By categorically restricting RRC placement to the lesser of 10% or the last six

1  months of a prisoner's sentence, the BOP's regulation, among other things, violated "the
2  unambiguously expressed intent of Congress conveyed in section 3621(b), which expressly
3  instructs that all placement and transfer determinations take into consideration each of the five
4  factors enumerated in the statute." Id. at 1186.

5      By contrast, the BOP can apply a presumption that all prisoners are suitable for RRC
6  placement for a period shorter than that authorized by § 3624(c), provided that the BOP tests that
7  presumption by conducting an individualized determination regarding the suitability of RRC
8  placement for each eligible prisoner. Sacora, 628 F.3d at 1065-68. In Sacora, a petitioner
9  challenged a BOP policy under which prison staff could presume that any inmate's pre-release
10  RRC needs could be accommodated by a period of six months or less, even though section
11  3624(c), as amended, provided that inmates were eligible for up to twelve months of pre-release
12  RRC placement. Id. at 1061. The BOP, however, cautioned its staff that they could not
13  "automatically deny an inmate's request for a transfer to a RRC," even if the request included time
14  beyond the last six months of the inmate's sentence. Id. at 1064. Instead, staff were ordered to
15  give "individualized consideration" to each inmate request for RRC treatment. Id. Notwithstanding
16  this cautionary language, the BOP advised that "a[n] RRC placement beyond six months should
17  only occur when there are unusual or extraordinary circumstances justifying such placement, and
18  the Regional Director concurs."[4] Id.

19      The Ninth Circuit held that the BOP did not exceed its statutory authority in maintaining this
20  policy. Id. at 1065-68. In so holding, the Ninth Circuit found that "the BOP's policy -- that six
21  months in a[n] RRC constitutes a 'sufficient duration' in most cases, but that each inmate is eligible
22  for a 12-month placement and must be considered for placement in a RRC on an individual basis
23  -- is facially consistent" with § 3624(c). Id. at 1066. In reaching this finding, the Ninth Circuit
24  observed that § 3624(c) provided that the period in RRC placement be of a sufficient duration to

25

26  _____

27      [4]  The policy was subsequently revised to omit the need to obtain the Regional Director's
     approval for RRC placement beyond six months. See Harris v. Ives, 2014 WL 3504275, at *4, n.2
28  (C.D. Cal. July 14, 2014).

1   ensure the greatest likelihood of successful reintegration into the community, but that the period

2   was "*not to exceed* 12 months." Id. (emphasis added).

3          Moreover, the Ninth Circuit explained that neither the BOP's six-month presumption nor its

4   requirement that unusual circumstances exist to justify RRC placements exceeding six months

5   violated the relevant statutes.  As to the six-month presumption, the Ninth Circuit stated that the

6   BOP was "entitled to use its experience in interpreting and administering a statute." Id. at 1067.

7   The Ninth Circuit also observed that the "unusual circumstances" requirement was justified as an

8   "extra check" on the longest placements in RRCs, particularly because § 3621(b) identified "the

9   resources of the facility contemplated" as one of the factors to consider when making placement

10   decisions. Id. at 1067.  Additionally, according to the Ninth Circuit, that requirement furthered the

11   express goal of Congress of assisting offenders to reenter the community "'by providing sufficient

12   transitional services *for as short a period as possible.*'" Id. (quoting 42 U.S.C. § 17501(a)(5))

13   (emphasis added).

14          Finally, the Ninth Circuit found that the BOP's policy did not result in the automatic denial

15   of RRC placement for more than the last six months of a prisoner's sentence.  Id. at 1068.

16   Distinguishing the regulation in Rodriguez, which necessarily precluded a consideration of the §

17   3621(b) factors, the Ninth Circuit noted that the BOP's policy explicitly requires an individualized

18   assessment of each request for RRC placement. Id.  And, unlike the regulation in Rodriguez, the

19   BOP policy admonished staff that it had to consider the five factors set forth in § 3621(b) in

20   reviewing all RRC placement requests.

21          Sacora forecloses petitioner's argument as to the futility of exhausting his administrative

22   remedies.  Indeed, petitioner's contention that the BOP categorically refuses to place anyone in

23   RRC placement for longer than the last six months of his sentence (Mem. at 2-3), raises the same

24   arguments as those rejected by the Ninth Circuit in Sacora.  But, as explained in Sacora, the BOP

25   only *presumes* that six months RRC placement is sufficient, while testing that presumption under

26   the five factors set forth in § 3621(b).  Petitioner has offered no facts to suggest that the BOP

27

28

1   deviated from that practice in his case.[5]   Accordingly, he has not shown that exhausting his
2   administrative remedies would be futile.

3         Although the Court does not intend to reach the merits of petitioner's challenge to his RRC
4   placement in this Order, that challenge nevertheless appears to be meritless.  For the reasons
5   discussed above, to the extent petitioner asserts a direct challenge to the BOP's purported
6   categorical predetermination regarding the number of months of RRC placement necessary to
7   prepare prisoners for their reentry (see Mem. at 1-3.1), that challenge fails.

8         Alternatively, to the extent petitioner is challenging the warden's individualized
9   determination as to the amount of time that petitioner should spend in RRC placement, the Court
10  lacks jurisdiction over any such challenge.  See Reeb v. Thomas, 636 F.3d 1224, 1227-28 (9th
11  Cir. 2011) (district courts lack jurisdiction to review "'any determination, decision, or order' made
12  pursuant to 18 U.S.C. §§ 3621-3264"); see also Brown v. Ives, 543 Fed. App'x 636, 637 (9th Cir.
13  2013) ("Insofar as Brown is challenging the BOP's individualized determination concerning his
14  [RRC] placement, the district court properly concluded that it lacked jurisdiction over the petition.")
15  (citing Reeb, 636 F.3d at 1228; Thompson v. Ives, 2015 WL 413765, at *2 (C.D. Cal. Jan. 30,
16  2015) (holding that court lacked jurisdiction to consider petitioner's challenge to BOP's
17  particularized decision regarding his RRC placement) (citing Reeb, 636 F.3d at 1228; Caldwell v.
18  Sanders, 2013 WL 1124712, at *1-2 (C.D. Cal. Jan. 23, 2013)).

19        Accordingly, petitioner has not exhausted his administrative remedies, and he has failed
20  to demonstrate that any attempt to exhaust his administrative remedies would be futile.  Moreover,
21  to the extent petitioner is challenging the BOP's determination as to the amount of time he should
22  spend in RRC placement (see Mem. at 4-6), that determination -- or the alleged failure to make
23  an individualized determination -- should be challenged through the BOP's administrative remedy
24  process.  Reeb, 626 F.3d at 1227.

25

26  _____

27        [5]   Petitioner has provided no documents associated with his request for RRC placement or
    the denial of that request, so the Court cannot determine if those documents reflect that an
28  individualized assessment was conducted.

**IV.**

**CONCLUSION**

Based on the foregoing, **no later than May 19, 2015**, petitioner is **ordered to show cause** (1) why the instant Petition should not be dismissed as unexhausted; and (2) why the Petition should not be dismissed for lack of subject matter jurisdiction.

Specifically, **no later than May 19, 2015,** petitioner is given a final opportunity to file a response with the Court, making clear his arguments, if any, as to why the Petition should not be dismissed as unexhausted[6] and/or for lack of subject matter jurisdiction. Petitioner must submit all documents relating to his request for RRC placement, and the denial of that request. All facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents.

**Failure to respond by May 19, 2015, will result in the instant Petition being summarily dismissed with prejudice as unexhausted and/or for lack of subject matter jurisdiction**.

DATED: April 22, 2015

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[6] As the Court herein has considered and rejected petitioner's arguments regarding futility, petitioner should not again argue this issue unless there is new information to support this argument.