**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| LONNY LEE BRISTOW, | ) | No. CV 15-2793-JLS (PLA) |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER SUMMARILY DISMISSING** |
| v. | ) | **PETITION FOR WRIT OF HABEAS** |
| | ) | **CORPUS FOR LACK OF SUBJECT** |
| CALVIN JOHNSON, Warden, | ) | **MATTER JURISDICTION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

Lonny Lee Bristow ("petitioner"), a federal prisoner currently incarcerated at the Federal Correctional Institution in Adelanto, California, initiated this action on April 15, 2015, by filing a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."), with an accompanying "Memorandum in Support of Petition . . ." ("Memorandum" or "Mem.").[1]   (Dkt. Nos. 1, 2).  Petitioner claims that he did not receive an

---

[1]     On April 20, 2015, petitioner filed additional documents (Dkt. Nos. 8, 9), raising the same issues raised in the original Petition, which the Magistrate Judge construed as a Supplemental Petition and Memorandum, noting that they differed from the original documents only in word choice and paragraph arrangement. (Dkt. No. 11). The Magistrate Judge noted that regardless of which petition was considered to be the operative pleading, the Order to Show Cause issued on April 22, 2015, remained in effect. (Id. at 2). The same was found true of yet another "Amended Memorandum" petitioner filed on April 27, 2015, which again raised the same issues
(continued...)

1    individualized review for placement in a Residential Reentry Center ("RRC") (Mem. at 4-6), and

2    that any attempt to exhaust his administrative remedies would be futile.  (Mem. at 1 to 3.1).

3    Petitioner also filed a Motion to Expedite Case ("Motion to Expedite"), which the Magistrate Judge

4    denied on May 5, 2015.[2]  (Dkt. No. 4).  On April 22, 2015, the Magistrate Judge ordered petitioner

5    to show cause ("Order to Show Cause") no later than June 19, 2015, why the Petition should not

6    be dismissed for failure to exhaust administrative remedies, and/or for lack of subject matter

7    jurisdiction based on the fact that to the extent petitioner is challenging the warden's individualized

8    determination as to the amount of time that petitioner should spend in RRC placement, the Court

9    lacks jurisdiction over any such challenge.  (Dkt. No. 6 at 4-8; Dkt. No. 15 (granting petitioner's

10   request for an extension of time to respond to the Order to Show Cause)).  As of the date of this

11   Order, petitioner has not filed a response to the Order to Show Cause and his time to do so has

12   expired.

13

14                                                      **I.**

15                                             **BACKGROUND**

16        On April 19, 2013, in the United States District Court for the Northern District of Ohio,

17   Eastern Division, case number CR 13-148, petitioner pleaded guilty to six counts of bomb threats.

18   (Pet. at 2).  Petitioner's projected release date is November 30, 2016.  (Mem. at 3).

19        Petitioner states that he requested placement in an RRC for the last twelve months of his

20   sentence, i.e., from November 30, 2015, to November 30, 2016, and instead received only six

21

22   _____

23     [1](...continued)
      and differed only in word choice and paragraph arrangement.  (Dkt. Nos. 12-13).
24

25     [2]    In his Memorandum, petitioner stated that his projected release date is November 30, 2016.
      (Mem. at 3).  Thus, at the time he filed his Motion to Expedite, there were approximately seven
26   months remaining before November 30, 2015, the date petitioner argued he should be placed in
      an RRC.  (See id.).  In light of the statutory deadlines for proceeding through the administrative
27   appeals process -- both for petitioner and for the BOP -- the Magistrate Judge denied petitioner's
      Motion to Expedite, finding that there appeared to be adequate time for petitioner to pursue his
28   administrative remedies.  (Dkt. No. 15 at 1 n.1 (citing 28 C.F.R. §§ 542.13 to 542.15, 542.18)).

months, commencing on May 30, 2016.  (See Mot. at 1; Mem. at 2).  Petitioner claims that he did not receive individualized consideration for placement in an RRC as required by 18 U.S.C. § 3624. (Mem. at 4-6).  He claims that had he received individualized consideration,[3] he would have been found eligible to be placed in an RRC as of November 30, 2015.  (Mot. at 3).

Petitioner admits that he has not exhausted his administrative remedies, but contends that requiring him to do so would be futile.  (Mem. at 2 to 3.1).  He argues that the Bureau of Prisons ("BOP"), "either by policy or memo," has directed respondent "to approve inmates for no more than six (6) months halfway house time."  (Mem. at 2).

## II.

## STATUTORY FRAMEWORK

The BOP has the authority to designate the location of an inmate's imprisonment. Specifically, under 18 U.S.C. § 3621(b), the BOP has discretion to place an inmate in an available penal or correctional facility and to direct the transfer of an inmate "at any time."  Rodriguez v. Smith, 541 F.3d 1180, 1182, 1185 (9th Cir. 2008).

"Two statutory provisions govern the BOP's authority to place inmates in its custody in RRCs:  18 U.S.C. §§ 3621(b) and 3624(c)."  Sacora v. Thomas, 628 F.3d 1059, 1061-62 (9th Cir. 2010).  Section 3621 "governs the BOP's authority in cases where a prisoner who has more than a year left to serve of his or her prison sentence requests a transfer to such a facility."  Id. at 1062 (footnote omitted).  When determining which facility is suitable, the BOP must consider the following five factors:

    (1)    the resources of the facility contemplated;

    (2)    the nature and circumstances of the offense;

    (3)    the history and characteristics of the prisoner;

    (4)    any statement by the court that imposed the sentence --

---

[3]    Petitioner contends that he was given the same six months in an RRC as all other prisoners despite the fact that he had completed a non-residential drug abuse program, is homeless, is not subject to supervised release, and has no prison disciplinary history.  (Pet. at 3; Mem. at 4-6).

> (A)  concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> (B)  recommending a type of penal or correctional facility as appropriate; and
>
> (5)  any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).  In other words, § 3621(b) mandates that the BOP make an individualized assessment under the five statutory criteria when making transfer or placement determinations "to *any* available penal or correctional facility[ ]," including RRC placement.  Rodriguez, 541 F.3d at 1188 (emphasis added).

When a federal prisoner approaches the end of his sentence, 18 U.S.C. § 3624(c) requires the BOP to decide whether the prisoner is suitable for transfer to an RRC to ease his transition back into a community.  18 U.S.C. § 3624(c)(6)(A); see Sacora, 628 F.3d at 1062.  Specifically, § 3624(c) states:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).  In administering § 3624(c), the BOP considers the five factors set forth above in § 3621(b).  Sacora, 628 F.3d at 1068.

## III.

## DISCUSSION

## A.    FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

"[S]ection [2241] does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus."  Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001), overruled on other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30, 126 S. Ct. 2422, 165 L. Ed. 2d 323 (2006).  Nevertheless, the Ninth Circuit requires, "as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief

1    under § 2241."  Id.   Here, notwithstanding the arguments petitioner raised in his Petition that

2    requiring him to exhaust his claim would be futile (Mem. at 1 to 3.1), in a Motion for Extension of

3    Time to Respond to Show Cause Order . . . " filed on May 1, 2015 (Dkt. No. 14), petitioner

4    admitted that he is in the process of exhausting his administrative remedies.  (Dkt. No. 14 at 2).

5    He stated that the RRC review has "happened at the unit level, was then routed around the

6    institution for further review by other staff, then to the warden for his review." (Id.).  He indicated

7    that he has "filed a BP-9 with the warden . . . [and] the warden's response is due May 12, 2015,

8    subject to another twenty (20) day extension." (Id.).  He also stated that "the RRC review is in the

9    final phase which is either the halfway house or the Residential Reentry Manager in Phoenix."

10   (Id.).  Petitioner has provided this Court with no further information as to the status of his attempt

11   to exhaust his administrative remedies.

12          Thus, the Court finds that it would be appropriate to dismiss the Petition without prejudice

13   for failure to exhaust administrative remedies.

14

15   **B.     LACK OF SUBJECT MATTER JURISDICTION**

16          However, to the extent petitioner is challenging the warden's individualized determination

17   as to the amount of time that petitioner should spend in RRC placement, the Court lacks

18   jurisdiction over any such challenge.  See Reeb v. Thomas, 636 F.3d 1224, 1227-28 (9th Cir.

19   2011) (district courts lack jurisdiction to review "'any determination, decision, or order' made

20   pursuant to 18 U.S.C. §§ 3621-3264"); see also Brown v. Ives, 543 Fed. App'x 636, 637 (9th Cir.

21   2013) ("Insofar as Brown is challenging the BOP's individualized determination concerning his

22   [RRC] placement, the district court properly concluded that it lacked jurisdiction over the petition.")

23   (citing Reeb, 636 F.3d at 1228); Thompson v. Ives, 2015 WL 413765, at *2 (C.D. Cal. Jan. 30,

24   2015) (holding that court lacked jurisdiction to consider petitioner's challenge to BOP's

25   particularized decision regarding his RRC placement) (citing Reeb, 636 F.3d at 1228; Caldwell v.

26   Sanders, 2013 WL 1124712, at *1-2 (C.D. Cal. Jan. 23, 2013)).

27          Accordingly, to the extent petitioner is challenging the BOP's determination as to the

28   amount of time he should spend in RRC placement (see Mem. at 4-6), that determination -- or the

1    alleged failure to make an individualized determination -- should be challenged through the BOP's

2    administrative remedy process, and not in a federal habeas petition.  <u>Reeb</u>, 626 F.3d at 1227.

3    Despite being given the opportunity to do so, petitioner has submitted nothing to the Court to show

4    otherwise.  Thus, the Court finds that it is appropriate to dismiss the Petition with prejudice for lack

5    of subject matter jurisdiction.

6

7                                                    **III.**

8                                                 **<u>ORDER</u>**

9            IT IS THEREFORE ORDERED that the Petition is **dismissed with prejudice** for lack of

10    subject matter jurisdiction.

11

12    DATED: July 6,2015        _____

13                                          HONORABLE JOSEPHINE L. STATON
                                             UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28